CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RM

DEC 21 2010

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

ROBERT TRUSSELL,           )        Civil Action No. 7:10-cv-00542
    Plaintiff,             )
                           )
                           )
v.                         )        **MEMORANDUM OPINION**
                           )
JOHN B. METZIGER,          )        **By: Hon. Jackson L. Kiser**
    Defendant.             )        **Senior United States District Judge**

Plaintiff Robert Trussell, a Virginia inmate proceeding pro se, filed a civil rights

complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff

names John B. Metziger, Chairman of the Virginia Parole Board, as the sole defendant. This

matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's

submissions, I dismiss the complaint without prejudice.

I must dismiss any action or claim filed by an inmate if I determine that the action or

claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C.

§§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based

upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which

clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v.

Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to

dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual

allegations as true. A complaint needs "a short and plain statement of the claim showing that the

pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above

the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal

quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the

elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff's rambling and varied complaint does not identify any action made by the defendant, and I cannot discern any cognizable claim from his writings. Furthermore, plaintiff's requested relief is to be awarded an unknown amount of money, to have someone look into files and "uproot [sic] all matters if is [sic] right by law do buy [sic] law." (Compl. 5.) Without any additional facts or a more coherently drafted complaint, I am unable to consider a § 1983 claim or otherwise grant plaintiff's requested relief. Accordingly, I dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted and deny as moot his motion for leave to proceed in forma pauperis.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 21st day of December, 2010.

Senior United States District Judge